**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 625-3893
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURTs**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Byford "Peter" Whittingham an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>Attorney General's Office a Corporation, DOES 1-50, inclusive and ROE CORPORATIONS 1-50, inclusive,<br><br>Defendants. | **CASE NO.: 2:20-cv-00811-GMN-EJY**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT** |

Plaintiff Byford "Peter" Whittingham ("**Mr. Whittingham**" or "**Plaintiff**") by and through his attorneys of record, HKM Employment Attorneys LLP, hereby submits his Motion for Leave to Amend Plaintiff's Complaint (the "**Motion**"). This Motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, any attachments and any argument allowed at the time of hearing.

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff respectfully requests that this Court give Plaintiff leave to amend the Complaint with the following changes:

1.  Correct the Entity Subject to Suit;

2.  Add Defendants and correct the causes of action already asserted; and

3.  Should the Court decide the Complaint lacks any of the necessary factual requisites upon review of Defendant's Motion to Dismiss, allow Plaintiff to allege the same.

Plaintiff seeks to amend the Complaint timely and out of necessity for the proper administration of justice.  There has been no undue delay and there is no bad faith in seeking the amendment.  Finally, there is no prejudice to the opposing party.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2020, Plaintiff filed his Complaint and Jury Demand in this matter, bringing the following claims against Defendant:

1.  Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS Chapter 613;

2.  Violation of 42 U.S. Code § 1983 Equal Protection; and

3.  Violation of The Civil Rights Act of 1871, 42 U.S.C. §1981.

The Complaint concerns Plaintiff's application for employment with the Nevada Attorney General's Office. Plaintiff applied for the position of Criminal Investigator II and was made an offer subject to a background investigation.  However, Defendant withdrew the offer after finding out more about Plaintiff's lawsuit against the LAPD, his former employer, for race discrimination.

On July 1, 2020, Defendants filed their Motion to Dismiss, challenging Plaintiff's causes of action.

/ / /

/ / /

## III.   <u>LEGAL STANDARD</u>

### 1.   <u>F.R.C.P. 15(a)</u>

F.R.C.P. 15(a) provides in part that after a response to a pleading has been entered, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In discussing the Federal Rules of Civil Procedure, the Court in *In Re Western States Wholesale Natural Gas Antitrust Litigation*2013, 715 F. 3d 716, certiorari granted 134 S.Ct. 2899, 189 L.Ed.2d 854, affirmed 135 S.Ct. 1591, 191 L.Ed.2d 511, certiorari denied 135 S.Ct. 2048, 191 L.Ed.2d 955 held that on a motion to amend a pleading, the court considers five factors in its analysis: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.  *In re Western States Wholesale Natural Gas Antitrust Litigation*, 2013, 715 F.3d 716, certiorari granted 134 S.Ct. 2899, 189 L.Ed.2d 854, affirmed 135 S.Ct. 1591, 191 L.Ed.2d 511, certiorari denied 135 S.Ct. 2048, 191 L.Ed.2d 955.

Sufficient reasons to deny a motion to amend a pleading include undue delay, bad faith or dilatory motives on the part of the movant, none of which are at issue here.  *Kantor v. Kantor*, 2000, 8 P.3d 825, 116 Nev. 886.

## IV.   <u>LEGAL ARGUMENT</u>

Plaintiff respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an Amended Complaint, a copy of which is attached hereto. The Proposed Amended Complaint corrects the name of the current Defendant and adds new Defendants to the suit in the interest of justice and the fair resolution of this case: The State of Nevada, ex. rel. Nevada Attorney General's Office, a Subdivision of the State of Nevada; Aaron Ford, Nevada Attorney General; David O'Hara, Supervising Investigator; Jane Doe; DOES 1-50.  Further, the Proposed Amended Complaint provides clarification to some allegations and amends others in accordance with the Opposition to the Motion to Dismiss.

/ / /

/ / /

**1.  Plaintiff Asks the Court for Leave to Amend the Complaint to Correct the Entity Subject to Suit.**

Plaintiff hereby respectfully requests that the Court give Plaintiff leave to amend the Complaint per F.R.C.P. 15(a) to correct the Entity Subject to Suit and to add three additional Defendants.  The First Amended Complaint[1] would name the Defendants as follows: "THE STATE OF NEVADA, ex. rel. NEVADA ATTORNEY GENERAL'S OFFICE, a Subdivision of the State of Nevada; AARON FORD, Nevada Attorney General; DAVID O'HARA, an Individual and in his capacity as Supervising Investigator for the Nevada Attorney General's Office; JANE DOE, an individual and in her capacity as an employee of the State of Nevada; DOES 1-50."

**2.  There is No Bad Faith or Dilatory Motive on the Part of Plaintiff.**

There is no bad faith or dilatory motive on the part of the Plaintiff in bringing Aaron Ford, David O'Hara and Jane Doe as defendants. The facts surrounding their involvement are clear in the Complaint.  Plaintiff believes they played a crucial role in the events leading to Plaintiff's claims and that their conduct was willful and purposeful.  As such, Plaintiff seeks to amend the Complaint timely and out of necessity for the proper administration of justice.

**3.  There Has Been No Undue Delay in Filing the Instant Motion.**

Plaintiff filed the Complaint on May 5, 2020. The parties have not had their 26(f) Scheduling Conference and have not engaged in discovery yet.  As such, the deadline to amend pleadings and add parties is still to be determined.  Further, at the time of writing this response, the Early Neutral Evaluation Session is currently scheduled for approximately twenty (20) days from this filing, August 19, 2020.  Though also at the time of writing, Defendants counsel has inquired about the possibility of moving the ENE, to which Plaintiff has agreed. It is anticipated a stipulation will be forthcoming shortly.  Therefore, this request is timely and there has been no undue delay.  Should the Court grant Plaintiff leave to file a First Amended Complaint naming the new parties, the anticipated new parties will have sufficient time to participate in

---

[1] Attached hereto as Exhibit A.

discovery.  Plaintiff would also stipulate to an extension of the discovery period should the need arise.

**4.  There is No Prejudice to the Opposing Party.**

There is no prejudice to the existing Defendant or to the proposed Defendants should the Court grant Plaintiff's Motion – the case is in its early stages and, absent an extension, the anticipated discovery cutoff date, subject to the parties 26(f) Scheduling Conference, is not until at least five more months.  As such, Plaintiff's interest outweighs any potential prejudice against Defendants or the proposed defendants.

**5.  The Proposed Amendment is Not Futile.**

Amending the Complaint would not be futile because the proposed parties, corrections and changes to the allegations would provide essential information to Plaintiff's claims and would attribute to the fair resolution of this case.

**V.  <u>CONCLUSION</u>**

Based upon the foregoing, Plaintiff respectfully requests that the Court deny Defendants' Motion and grant Plaintiff's request for leave to amend the Complaint.

Dated this 30th Day of July, 2020.

**HKM EMPLOYMENT ATTORNEYS LLP**

*/s/ Jenny L. Foley*
**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 625-3893
*Attorneys for Plaintiff*

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on this 30th day of July, 2020, I caused to be served a true
3
and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO AMEND**
4
**PLAINTIFF'S COMPLAINT** on the following persons as follows:
5
  __–__         by placing the same for mailing in the United States Mail, in a sealed envelope
6
                on which first class postage was prepaid in Las Vegas, Nevada and/or
7

8
  __X__        to be sent via electronic filing with the Clerk of the Court using the Court's
9
                electronic filing system – CM/ECF and serving all parties with an email
10
                address of record who have agreed to receive Electronic Service in this action
11

12
  _____      to be hand delivered to the persons and/or addresses below:
13

14

15
                */s/ Jai Tanghal*

16

17

18

19

20

21

22

23

24