# EXHIBIT A

**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 625-3893
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BYFORD "PETER" WHITTINGHAM, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA, ex. rel. NEVADA ATTORNEY GENERAL'S OFFICE, a Subdivision of the State of Nevada; AARON FORD, Nevada Attorney General; DAVID O'HARA, an Individual and in his capacity as Supervising Investigator for the Nevada Attorney General's Office; JANE DOE, an individual and in her capacity as an employee of the State of Nevada; DOES 1-50, inclusive,<br><br>Defendant. | CASE NO.: 2:20-cv-00811-GMN-EJY<br><br>**PROPOSED FIRST AMENDED COMPLAINT** |

The Plaintiff Byford "Peter" Whittingham ("**Mr. Whittingham**" or "**Plaintiff**") by and through his attorneys of record, the law firm of HKM Employment Attorneys LLP hereby complains and alleges as follows:

Page **1** of **10**

# JURISDICTION

1. This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII") (retaliation for engaging in protected activity) 42 U.S.C. §2000e to 2000e-17; 42 U.S.C. §1983 Equal Protection, The Civil Rights Act of 1871, 42 U.S.C. §1981, among other causes of action as outlined herein.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f) (3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. Upon information and belief, all material allegations relative to the named defendants contained in this Complaint occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

4. At all relevant times, Defendants were engaged in interstate commerce and each employed 20 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the statutes outlined herein.

# EXHAUSTION OF ADMINISTRATIVE REMEDY

5. In 2019 Plaintiff initiated the process of filing a Charge of Discrimination against his employer, the Defendant(s) named in this action with the Equal Employment Opportunity Commission ("EEOC").

6. On or about February 8, 2020 Plaintiff received the "Notice of Right to Sue" from the

EEOC.

7. Less than 90 days passed from the date of mailing the "Notice of Right to Sue" before Plaintiff filed his original Complaint in this matter.

8. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

9. Prior to filing this action, Plaintiff exhausted the administrative remedy on all claims pled hereunder.

## PARTIES

10. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

11. Plaintiff is a citizen of the State of Nevada and a resident of Clark County, Nevada.

12. At all relevant times, Defendant State of Nevada, Office of the Attorney General, is a division of the State of Nevada.

13. At all relevant times, Defendant Aaron Ford held the position of Nevada Attorney General.

14. At all relevant times, Defendant David O'Hara held the position of Supervising Investigator for Defendant State of Nevada with the Attorney General's Office of Nevada.

15. At all relevant times, Defendant Jane Doe was a person or persons recommending the offer of employment to Plaintiff be withdrawn. Upon information and belief, Jane Doe is an employee of the State of Nevada.

16. Doe Defendants 1 through 50 inclusive and Roe Corporation Defendants 1 through 50 inclusive, are unknown at the present time and thus sued by Plaintiff in such fictitious names. Plaintiff alleges however that said Defendants are in some manner responsible for the damages sustained by Plaintiff and that said Defendants will be named with peculiarity once their identities are known. At such time, Plaintiff will seek leave of court to state more fully herein the names and acts of said Defendants.

**GENERAL ALLEGATIONS**

17. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

18. On or about November 19, 2018, Plaintiff met informally with the AG's Chief of Investigations, Rod Swanson, to discuss possible employment with the Attorney General's Office.

19. During that meeting, Plaintiff briefly disclosed to Mr. Swanson that he had filed a lawsuit against the Los Angeles Police Department (LAPD).

20. No details were discussed regarding the lawsuit.

21. Plaintiff was employed by LAPD from 1988 to 2018.

22. On or about February 11, 2019, Plaintiff interviewed for the position of Criminal Investigator II.

23. During the interview, Plaintiff briefly disclosed to the panel that he had been involved in a lawsuit with the LAPD. Again, no details were discussed.

24. Following the interview, on or about February 14, 2019, Plaintiff was offered the job of Investigator II, pending successful completion of a background investigation

25. Toward that end, Plaintiff completed a 25-page Personal History Statement (PHS), and a 365-question Pre-Investigative Questionnaire (PIQ).

26. Plaintiff provided the relevant, and exhaustively complete information to Defendant.

27. A background investigation was opened on or about April 3, 2019 by Supervising Investigator David W. O'Hara ("**Mr. O'Hara**").

28. On that date, Mr. O'Hara interviewed Plaintiff by phone.

29. Plaintiff confirmed the information in his PHS and PIQ in exhaustive detail.

30. At one point, Plaintiff was told to stop providing so much detail as it was unnecessary.

31. Interestingly, during the interview, Mr. O'Hara asked Plaintiff about question 65 in the PHS. The question was: "Ever been party to a lawsuit?"

Page **4** of **10**

32. Plaintiff informed Mr. O'Hara that he had an active lawsuit against the Los Angeles Police Department (LAPD) based on racial discrimination.

33. Notably, this was the first time any details about the lawsuit were discussed with Defendant.

34. Plaintiff offered to provide a copy of the lawsuit.

35. Mr. O'Hara did not raise any further questions regarding Plaintiff's background.

36. On May 1, 2019, Plaintiff retrieved mail from his P.O. Box and discovered a letter from Mr. O'Hara's office dated April 23, 2019.

37. The letter "Withdrawal of employment consideration," indicated that Plaintiff was no longer being considered for hire with the Nevada Office of the Attorney General as a Criminal Investigator and was removed from the background investigation process.

38. On May 8, 2019, Plaintiff contacted Deputy Chief Investigator Shawn Bowen to inquire about the process of appeal.

39. Mr. Bowen indicated that he was not certain about a formal process and suggested Plaintiff write a letter and submit it to the Chief of Investigation Roland Swanson, requesting a "review" of Plaintiff's case.

40. Plaintiff submitted a letter to Mr. Swanson indicating he believed he was denied because of the lawsuit against the LAPD.

41. On May 13, 2019, Mr. Swanson contacted Plaintiff and indicated that the law suit against the LAPD had nothing to do with his removal from the background process.

42. Instead, it ostensibly had to do with Plaintiff's alleged failure to disclose that police responded to Plaintiff's residence on January 28, 1992, (question 66 of the PHS) during which the Department of Child Services (DCS) investigated allegations of child abuse, which were unfounded.

43. Plaintiff answered "yes" to question 67 in the PHS as it related to the 01/28/1992

incident.

44. At the time, while completing my background packet, Plaintiff did not recall the police having responded to his residence, accompanying the DCS Personnel almost thirty years prior.

45. Neither Mr. Swanson nor Mr. O'Hara gave Plaintiff the opportunity to address the issue.

46. It is inconceivable that Plaintiff, a nearly forty-year veteran of law enforcement, would be disqualified based on the above circumstances, absent some retaliatory motive based on Plaintiff's race discrimination lawsuit with the notorious LAPD.

### FIRST CAUSE OF ACTION
### (Retaliation under Federal Law, 42 U.S.C. § 2000e-3)
### (Defendant State of Nevada and Aaron Ford)

47. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

48. In violation of 42 U.S.C § 200e-3, Defendants State of Nevada and Aaron Ford retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory. By way of *non-exclusive* example Defendants State of Nevada and Aaron Ford retaliated against Plaintiff by:

    a. Refusing to hire Plaintiff after the details of his employment-based race discrimination lawsuit against the LAPD became known.

49. The non-exclusive list of behavior complained of above also constitutes retaliatory harassment.

50. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

51. The actions and conduct by Defendants State of Nevada and Aaron Ford constitute illegal retaliation, prohibited by federal statutes.

52. Due to its illegal actions, Defendants State of Nevada and Aaron Ford must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and

compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

53. Because Defendants State of Nevada and Aaron Ford are guilty of oppression, fraud or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

54. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendants State of Nevada and Aaron Ford violated Title VII, and therefore, he is entitled to recover reasonable attorney's fees against Defendants State of Nevada and Aaron Ford pursuant to Title VII.

**SECOND CAUSE OF ACTION**
**(Violation of 42 U.S.C. §1983 Equal Protection)**
**(Defendants David O'Hara, Jane Doe)**

55. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

56. Defendants David O'Hara and/or Jane Doe violated Plaintiff's right to equal protection of the laws pursuant to 42 U.S.C. §1983 when they, *inter alia*:

   b. Retaliated against Plaintiff, under color of law, by failing to hire Plaintiff for discriminatory and retaliatory reasons.

57. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

58. Due to its illegal actions, Defendants David O'Hara and/or Jane Doe must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

59. Because Defendants David O'Hara and/or Jane Doe are guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

60. Plaintiff has had to obtain the services of an attorney to protect his rights and secure

compensation for the damages incurred when Defendants David O'Hara and/or Jane Doe violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendants David O'Hara and/or Jane Doe.

### THIRD CAUSE OF ACTION
### (Violation of The Civil Rights Act of 1871, 42 U.S.C. §1981)
### (Defendants David O'Hara, Jane Doe)

61. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

62. Defendants David O'Hara and/or Jane Doe violated 42 U.S.C. § 1981, by discriminating against Plaintiff because of Plaintiff's race.

63. Specifically, Defendants David O'Hara and/or Jane Doe engaged in race discrimination in violation of 42 U.S.C. § 1981 when Defendant, *inter alia*:

    c. Refused to hire Plaintiff, an African American Male, because Plaintiff filed a race discrimination lawsuit against the LAPD.

64. Upon information and belief, had Plaintiff filed any other kind of lawsuit, or filed no lawsuit making allegations of race discrimination, Plaintiff would have been hired by the Attorney General's office.

65. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

66. Due to its illegal actions, Defendants David O'Hara and/or Jane Doe must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

67. Because Defendants David O'Hara and/or Jane Doe are guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

68. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendants David O'Hara and/or Jane

Doe violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendants David O'Hara and/or Jane Doe.

### FOURTH CAUSE OF ACTION
**(Violation of NRS Chapter 613)**
**(Defendant State of Nevada and Aaron Ford)**

69. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

70. Defendants State of Nevada and Aaron Ford violated NRS Chapter 13 et. seq., by retaliating against Plaintiff for opposing unlawful practices on the part of the LAPD.

71. Specifically, Defendants State of Nevada and Aaron Ford engaged in retaliation in violation of NRS Chapter 613 when Defendant State of Nevada, *inter alia*:

    a. Refused to hire Plaintiff because Plaintiff filed a race discrimination lawsuit against the LAPD.

72. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

73. Due to its illegal actions, Defendants State of Nevada and Aaron Ford must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

74. Because Defendants State of Nevada and Aaron Ford are guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

75. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendant State of Nevada violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendant State of Nevada.

**WHEREFORE,** Plaintiff prays this court for:

   a. A jury trial on all appropriate claims;

and to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate him (including tax consequences) for all economic losses of any kind, and otherwise make him whole in accordance with the law;

    c. Back pay with interest;

    d. An equal amount as liquidated damages;

    e. An award of compensatory and punitive damages to be determined at trial;

    f. An award of attorney's fees and costs; and

    g. Any other relief the court deems just and proper.

Dated: July 29, 2020.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS, LLP**

By:_____
**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 625-3893
*Attorneys for Plaintiff*