UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BYFORD "PETER" WHITTINGHAM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL'S OFFICE, a Corporation, DOES 1-50, inclusive and ROE CORPORATIONS 1-50, inclusive,<br><br>Defendants. | Case No. 2:20-CV-00811-GMN-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>RE: Motion for Leave to Amend Plaintiff's Complaint (ECF No. 18) |

Before the Court is Plaintiff's Motion for Leave to Amend Plaintiff's Complaint (ECF No. 18). The Court has considered the Motion, Defendant's Opposition (ECF No. 27), and Plaintiff's Reply (ECF No. 29).

**I.     Background**

This case commenced on May 5, 2020, with the filing of Plaintiff's original Complaint. ECF No. 1. On July 1, 2020, a Motion to Dismiss was filed by Defendant, the Attorney General's Office of the State of Nevada. ECF No. 12. The Motion to Dismiss was only fully briefed as of August 21, 2020. ECF No. 28.

The instant Motion was filed on July 30, 2020. Through his Motion, Plaintiff seeks to properly name the defendant previously identified as the Attorney General Office. Plaintiff also seeks to add Aaron Ford, David O'Hara, and Jane Doe as individual defendants. Plaintiff does not seek to add new causes of action; however, the defendants named in each cause of action have changed. *Compare* ECF No. 1 *and* ECF No. 18-1.

**II.    Discussion**

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course" either "before being served with a responsive pleading" or "within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing

1

party's written consent or the Court's leave to file the amended pleading. Fed. R. Civ. P. 15(a)(2). Well settled law establishes that a motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" that court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted). The amendment standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

When considering whether to grant or deny a motion seeking leave to amend a complaint, the Court considers whether there is: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and, (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Plaintiff has not previously filed or sought to file an amended complaint. Hence, this is not at issue. However, Defendant claims Plaintiff's proposed amendments are futile, filed in bad faith, and would cause undue delay and prejudice.[1]

A.   Futility and Failure to State a Claim.

The Court considers Defendant's claims of futility and failure to state a claim first because if a claim is futile or fails to state a cause of action it obviates the need to discuss any other amendment factor. Defendant claims Plaintiff's proposed First Amended Complaint (the "Proposed FAC") must be denied because Plaintiff's claims "are either barred by the 11th Amendment or improperly based on Plaintiff's failure to exhaust his administrative remedies and failure to state a valid claim." ECF No. 27 at 2. With respect to futility, Defendant does not elaborate on this contention except to refer the Court to ECF No. 12, Defendant's Motion to Dismiss. *Id*. Defendant also does not identify which claims the Eleventh Amendment would bar against which proposed defendant. The Court, which is not charged with ferreting out Defendant's arguments, nevertheless considers Defendant's contention and applies them with respect to each of Plaintiff's claims.

---

[1]   Plaintiff has cured the issue regarding naming the State of Nevada as a defendant by seeking to sue "The State of Nevada, ex. Rel. Nevada Attorney General's Office, a Subdivision of the State of Nevada." Thus, this issue, raised in Defendant's Motion to Dismiss, appears to be moot.

2

       *1.*     *Plaintiff's First and Fourth Cause of Action Against Aaron Ford.*

In Plaintiff's First Cause of Action for retaliation and discrimination under 42 U.S.C. § 2000e, and Fourth Cause of Action for retaliation and discrimination under NRS 613, seek to name Aaron Ford as a defendant.

Proposed defendant Aaron Ford is not properly named in either of these causes of action because only employers, and not individuals, are potentially liable for violations of Title VII and Nevada's equivalent provision found in Chapter 613 of the Nevada Revised Statutes. *Miller v. Maxwell's Intern., Inc.*, 991 F.2d 583, 587 (9th Cir.1993); *U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, Case No. 2:05-cv-00427-LRH-PAL, 2007 WL 1231776, at *2 (D. Nev. Apr. 25, 2007) ("the court has previously determined that individual employees and supervisors are not subject to liability under either title VII or sections 613.330 and 613.340(a) of the Nevada Revised Statutes"). *See also Apeceche v. White Pine Cty.*, 615 P.2d 975, 977 (1980) (NRS 613.330(1)(a) "is almost identical" to Title VII); *Stewart v. SBE Entm't Grp., LLC*, 239 F. Supp. 3d 1235, 1246 fn.61 (D. Nev. 2017) ("courts apply the same analysis" to state Title VII claims); *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) ("In light of the similarity between Title VII of the 1964 Civil Rights Act and Nevada's anti-discrimination statutes, we have previously looked to the federal courts for guidance in discrimination cases.") (footnote omitted). Plaintiff does not plead that Aaron Ford was his employer (or potential employer) because, of course, he was not. Instead, it was the State of Nevada that would have employed Plaintiff but for the alleged wrongful acts. Thus, Plaintiff's claims against Aaron Ford, as stated in his First and Fourth Causes of Action, are futile. The Court recommends denial of Plaintiff's Motion for Leave to Amend to the extent he names Aaron Ford in his First and Fourth Causes of Action as these causes of action are futile.

       *2.*     *Plaintiff's First and Fourth Causes of Action Against the State of Nevada.*

       **A.**     **Plaintiff did not Exhaust a Race Discrimination Claim**.

Plaintiff's First and Fourth Causes of Action under Title VII of the 1964 Civil Rights Act, as amended, and Nevada's Anti-Discrimination statute found in Chapter 613 of the NRS, require exhaustion of administrative remedies before a claim may be brought to court. *Baker v. Nevada*, Case No. 2:14-cv-1631-JAD-VCF, 2015 WL 2233115, at *4 (D. Nev. May 12, 2015); *Duncan v.*

*Rio Suite Hotel & Casino*, Case No. 2:12-cv-00565-MMD-VCF, 2012 WL5818125, *6 (D. Nev. Nov. 15, 2012). To the extent Plaintiff's First and Fourth Causes of Action attempt or seek to allege claims based on race discrimination against the State of Nevada, a review of Plaintiff's Charge of Discrimination, filed simultaneously with the Nevada Equal Rights Commission and the Equal Employment Opportunity Commission (ECF No. 12-1 at 2-3, referenced in Defendant's Opposition (ECF No. 27 at 2)), demonstrates that Plaintiff only alleged retaliation based on a lawsuit he filed against the Los Angeles Police Department ("LAPD"). ECF No. 12-1 at 2-3. There is no mention of the State of Nevada acting adversely toward Plaintiff based on his race. *Id*. In fact, Plaintiff does not even mention his race in the Charge. *Id*.

To determine whether a plaintiff exhausted administrative remedies, the Court will look at the Charge of Discrimination to evaluate the basis of the claims made, as well as the dates of the alleged acts. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002) *quoting Sanchez v. Standard Brands*, Inc., 431 F.2d 455, 462 (5th Cir. 1970). Here, a review of the Charge of Discrimination demonstrates Plaintiff failed to raise any claim against the State of Nevada based on his race. Thus, a race discrimination claim was not exhausted and assertion of this claim would be futile. *See Baker*, 2015 WL 2233115, at *4 explaining the time limit within which a charge of discrimination must be filed, which, when applied to Plaintiff's alleged discrete act of failure to hire occurring, at the latest, in May of 2019, has long since expired. Therefore, the Court recommends denial of Plaintiff's Motion for Leave to Amend to the extent Plaintiff seeks to assert race discrimination claims against the State of Nevada in his First and Fourth Causes of Action because these claims are futile.

### B. Plaintiff's State Law Claims Against the State of Nevada Are Futile.

Federal court will not entertain a suit against a state brought by citizens of another state, by citizens or subjects of any foreign state or by citizens of its own state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). However, such a suit can be maintained if a state waives its immunity by consenting to suit, *Oregon Short Line R.R. Co. v. Dep't of Revenue Or.*, 139 F.3d 1259, 1264 (9th Cir. 1998), or if Congress validly abrogates the state's immunity.

4

*Florida v. Florida*, 517 U.S. 44, 55 (1996).  This immunity also shields "arms" of the state, such as state agencies.  *Ginter v. State Bar of Nevada*, 625 F.2d 829, 830 (9th Cir. 1980).  Neither exception identified above applies here as the State of Nevada explicitly declined to waive its immunity from suit under the Eleventh Amendment in NRS 41.031(3), and Congress has not abrogated immunity with respect to pendant state law claims.  *Black v. Goodman*, 736 F.Supp. 1042, 1045–46 (D. Mont. 1990); *see also Quern v. Jordan*, 440 U.S. 332 (1979).

In fact, the Supreme Court states that "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment." *Seminole Tribe*, 517 U.S. at 58.  Whether for monetary damages or for injunctive relief, any suit against a state in federal court is barred under the Eleventh Amendment.  *Cory v. White*, 457 U.S. 85, 90-91 (1982).

Plaintiff's Fourth Cause of Action alleging retaliation against the State of Nevada in violation of NRS Chapter 613 is barred by Eleventh Amendment immunity.  For this reason, the Court recommends against granting Plaintiff's Motion for Leave to Amend to add his Fourth Cause of Action against the State of Nevada.

### C. **Plaintiff's First Cause of Action Under Title VII Alleging Retaliation Against the State of Nevada is not Futile**.

"The Eleventh Amendment bars federal suits against a state, its agencies, or its departments *for violations of state law regardless of the relief sought*, unless the state consents to suit." *Sanchez v. Elk Grove Unified School Dist.*, 2007 WL 1515510, at *4 (E.D. Cal. 2007) (emphasis added) (citing *Pennhurst State School & Hospital*, 465 U.S. at 100, 106, 120-21).  However, "[t]he Supreme Court has held that in enacting Title VII, Congress properly abrogated the states' Eleventh Amendment immunity for such suits. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976) (holding that Title VII of the Civil Rights Act of 1964 abrogates the states' Eleventh Amendment immunity).  Thus, Plaintiff's Title VII claim is not barred by the Eleventh Amendment." *Anderson v. Nevada ex rel.*, Case No. 3:09-cv-00460-ECR-RAM, 2010 WL 11594887, at *2 (D. Nev. Jan. 28, 2010).  The State of Nevada is not immune from Plaintiff's retaliation claim brought pursuant to Title VII in his First Cause of Action.  And, as mentioned above, Plaintiff exhausted this claim.

Plaintiff also sufficiently alleges his retaliation claim against the State. "A plaintiff may meet his burden of proof for a claim of retaliation under Title VII by showing that "(1) he has engaged in statutorily protected expression; (2) he has suffered an adverse employment action; and (3) there is a causal link between the protected expression and the adverse action." *Id*. (internal citation omitted). In this case Plaintiff's Proposed FAC alleges that Plaintiff engaged in protected activity and suffered an adverse employment action. Plaintiff further claims that after being offered a position of Investigator II in February 2019, pending successful completion of a background check, he completed an exhaustive questionnaire and an interview in April 2019. Plaintiff disclosed his lawsuit against the LAPD based on race discrimination, but forgot that police accompanied employees of the Department of Children Services to his home in 1992 investigating alleged child abuse that was unfounded. This event occurred 27 years prior to Plaintiff completing the questionnaire and being interviewed by the State of Nevada for an investigator position. Plaintiff states that it is "inconceivable" that his failure to recollect an event that occurred 27 years prior, when he has 40 years of law enforcement experience, caused the recission of the position he was conditionally offered.

These allegations, while they do not explicitly state the adverse event (recission of an offer of employment) was causally connected to his suit against the LAPD, do contain enough facts, which when taken as true for purposes of reviewing the Proposed FAC, to sufficiently put the State of Nevada on notice of the retaliation claim such that the State may defend the allegations. Thus, Plaintiff's First Cause of Action for Retaliation under Title VII of the 1964 Civil Rights Act is not futile and sufficiently states a claim for relief.

       *3.*     *Plaintiff's Second and Third Causes of Action alleging Violations of 42 U.S.C. §§ 1983 and 1981 Against Defendant O'Hara and Defendant Jane Doe.*

       **A.**     **Plaintiff's § 1983 Claim**

Persons liable for damages under § 1983 include state employees sued in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). State employees sued in their official capacities are not proper defendants under § 1983 and, therefore, cannot be sued under the statute. *Id.* at 25-6; *Will v. Michigan State Police*, 491 U.S. 58, 62-71 (1989). When a plaintiff, like the Plaintiff in this

6

case, does not identify the capacity in which the state employee is sued, the Ninth Circuit looks beyond the caption of the complaint to the "basis of the claims asserted and the nature of relief sought." *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir.1990) (internal citations and quotations omitted).

Based on the allegations in Plaintiff's Proposed FAC, the Court finds Plaintiff seeks to sue Defendants O'Hara and Doe in their individual capacities. Plaintiff alleges interviews with O'Hara, conversations with O'Hara regarding his lawsuit against the LAPD, and a letter from O'Hara's office rescinding an offer of employment. Plaintiff also alleges (albeit in conclusory fashion) that O'Hara and Doe violated his equal protection rights under § 1983 when they retaliated against him by refusing to hire him "for discriminatory and retaliatory reasons."

To state a claim for discrimination under § 1983 based on a violation of Title VII, Plaintiff must allege, among other things, that he was treated less favorable than others outside his protected class.[2] *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1180 N.11 (9th Cir. 1998 (the court applies the same standard to Title VII disparate treatment claims as is applied to Title VII race discrimination claims). Here, Plaintiff does not allege any facts related to his race or that race played a role in any conduct about which he complains. Thus, Plaintiff fails to state a claim of race discrimination against the individual defendants. In fact, it appears, despite using the word discrimination, Plaintiff intends only to bring a claim for retaliation. ECF No. 18 ¶¶ 56-57.

To state a claim of retaliation under § 1983 based on a violation of Title VII, Plaintiff must allege facts demonstrating that (1) he engaged in an activity protected either by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action alleged. *Sillars v. Nevada*, 385 Fed.Appx. 669, 670 (9th Cir. 2010) (internal citation omitted). Here, Plaintiff alleges he engaged in protected activity when he informed O'Hara that he had filed a race discrimination claim against the LAPD. Plaintiff also alleges that, thereafter, he received a letter from O'Hara's office rescinding his offer of employment.

---

[2] To the extent Defendant argues Plaintiff failed to exhaust a claim arising under § 1983, Defendant's contention is wrong as Plaintiff had no duty to administratively exhaust this claim. *Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982) (administrative exhaustion not required under 42 U.S.C. section 1983).

7

These facts, although somewhat bare bones, meet the pleading requirement for the first and second elements of a retaliation claim under § 1983.

With respect to the causal link, Plaintiff alleges that he forgot about a police visit to his home that occurred 27 years before his background check, that O'Hara did not provide him an opportunity to address this issue, and that "[i]t is inconceivable" that his offer of employment as an investigator for the state would be rescinded based on his failure to recall this old event when Plaintiff has nearly forty years of law enforcement experience. With respect to Doe, all Plaintiff alleges is a conclusion that Doe violated his rights when Doe, the person who allegedly recommended the offer of employment be withdrawn and failed to hire Plaintiff for "retaliatory reasons."

Plaintiff fails to allege sufficient facts to state a claim of retaliation against O'Hara or Doe. While Plaintiff alleges O'Hara knew that he had engaged in protected activity and that a letter from O'Hara's office rescinded the offer of employment, Plaintiff does not allege that O'Hara was "a" or "the" decision maker, let alone that he had any input into the decision to rescind the offer of employment. Thus, Plaintiff does not allege a causal connection between O'Hara individually and the employment rescission. Plaintiff therefore does not state a claim for retaliation under § 1983 against this defendant.

With respect to Defendant Doe, there is no allegation that this individual knew Plaintiff engaged in protected activity or that such knowledge (if there was any) provides the causal link to the failure to hire. Without such alleged facts, Plaintiff fails to state a § 1983 retaliation claim against Defendant Jane Doe.

However, Plaintiff's claim of retaliation against O'Hara and Doe is not futile as the Court can conceive of facts that could be alleged that would likely prevent dismissal of Plaintiff's claim on a Rule 12(b)(6) motion. Thus, the Court recommends denial of Plaintiff's Motion for Leave to Amend the Complaint without prejudice to the extent Plaintiff seeks to assert a § 1983 retaliation claim against the individual defendants.

### B.     Plaintiff's 1981 Claim

To the extent Defendant contends that Plaintiff's § 1981 claim fails because this statute does not permit suits against state employees in their individual capacities, the Court disagrees. In *Jett v.*

*Dallas Independent School District*, 491 U.S. 701 (1989), the U.S. Supreme Court held that § 1981 does not provide for a right of action against "state governmental units," but it did not hold that § 1981 does not provide a right of action against state actors who are sued in their individual capacities. 491 U.S. at 733-34.  In *Pittman v. Oregon Employment Department*, 509 F.3d 1065, 1074 (9th Cir. 2007), the Ninth Circuit held "that § 1981 does not contain a cause of action against states."  The *Pittman* decision did not hold that § 1981 does not provide for a right of action against state actors who are sued in their individual capacities.

While it remains true that the Ninth Circuit has not addressed whether individual liability exists under § 1981, several other courts hold that such liability exists. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2nd Cir. 2000) ("individuals may be held liable under § 1981"); *Jones v. Continental Corp.*, 789 F.2d 1225, 1231 (6th Cir. 1986) ("[T]he law is clear that individuals may be held liable for violations of § 1981[.]"); *Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986) (members of plaintiff's tenure committee could be personally liable under § 1981); *Faraca v. Clements*, 506 F.2d 956, 960 (5th Cir. 1975).  Thus, the Court rejects Eleventh Amendment immunity as a basis for finding Plaintiff's Third Cause of Action is futile.

Moreover, the Court agrees that such liability must be predicated on the individual's "personal involvement." *Elmatboly v. Arizona State University*, Case No. 2:05-cv-3518-HRH, 2009 WL 10674070, at * 6 (D. Ariz. Apr. 30, 2009).  When analyzing a plaintiff's "claims under § 1981, [the court] appl[ies] 'the same legal principles as those applicable in a Title VII disparate treatment case.'" *Id. citing Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007), *abrogated on other grounds* by *Nat'l Ass'n of African Am. Owned Media v. Charter Commc'ns, Inc.*, 915 F.3d 617 (9th Cir. 2019) (quoting *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004)).

Plaintiff's Proposed FAC alleges that he engaged in protected activity, which was disclosed to proposed defendant O'Hara after which Plaintiff received a letter from O'Hara's office withdrawing the offer of employment.  ECF No. 18-1 ¶¶ 32, 35, 36.  It is unclear from these allegations whether O'Hara signed the letter, knew of the content of the letter or even authorized the letter.  Plaintiff's Proposed FAC is also devoid of any factual allegation tying the recission of the

9

offer of employment to discrimination based on race. Thus, Plaintiff's allegations do not allege sufficient facts to demonstrate O'Hara's personal involvement in the alleged discriminatory act.

With respect to Jane Doe, she is identified by Plaintiff as the person or persons who recommended Plaintiff's offer of employment be withdrawn. *Id.* ¶ 15. However, as stated above, Plaintiff does not allege that Jane Doe knew of Plaintiff's protected activity or that the recommendation made by Jane Doe was causally linked to that knowledge. *See id.* Plaintiff says nothing about discrimination and Jane Doe.[3] And, Plaintiff's statements in Paragraph 63 of his Proposed FAC simply assert conclusory statements that O'Hara and Jane Doe engaged in discrimination in violation of § 1981 when they refused to hire him because of a race discrimination complaint Plaintiff filed against the LAPD. Thus, Plaintiff's claim under 42 U.S.C. § 1981 against proposed defendants David O'Hara and Jane Doe fails as stated. The Court, however, does not conclude this failure cannot be cured through further amendment. Therefore, Plaintiff's Third Cause of Action cannot be said to be futile. The Court recommends that Plaintiff's Motion for Leave to Amend be denied without prejudice.

        B.    <u>Defendant's Argument Regarding Undue Delay, Prejudice and Bad Faith are Without Merit</u>.

Defendant claims that allowing Plaintiff to amend his Complaint would result in undue prejudice because Plaintiff fails "to address substantial legal deficiencies … explained in the Motion to Dismiss." ECF No. 27 at 4. Defendant claims that if the Proposed FAC is filed, Defendant would merely file a second motion to dismiss resulting in a waste of resources. *Id.* These allegations are meritless given the recommendation of the Court finding some of Plaintiff's claims asserted in the Proposed FAC are futile and others currently fail to allege sufficient facts to state claims. Defendant will not be "forced" to file a second motion to dismiss nor defend claims that the Court believes are futile.

With respect to the argument regarding undue delay, the Court finds Defendant's position is not well taken. This case is in the very early stages with no discovery plan or scheduling order submitted or issued. Given this circumstance, there is no present concern of undue delay.

---

[3] There is no exhaustion requirement tied to § 1981 claims. *Metoyer*, 509 F.3d at 947 n. 11.

Nonetheless, as stated below, the Court will require the parties to file a stipulated discovery plan and scheduling order within seven (7) Court days of this Order.

Defendant claims that Plaintiff has acted in bad faith is specious. It is not at all uncommon for a motion to amend a complaint to seek to correct pleadings that may otherwise fail to properly state a claim. Moreover, Plaintiff moved to amend three months after the initial filing date, not eight months after the case was initiated as was true in *Hutchinson v. Lausell*, 672 F.Supp. 43 (D. P.R. 1987).[4] Moreover, Plaintiff filed his Motion for Leave to Amend just 29 days after Defendant filed its Motion to Dismiss and before the Motion was fully briefed. *Compare* ECF Nos. 16, 18, *and* 28.

### III.   ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED in part to allow Plaintiff to replead a First Amended Complaint alleging at Title VII retaliation claim against the State of Nevada Ex rel. Nevada Attorney General's Office.

IT IS FURTHER ORDERED that the parties file a discovery plan and scheduling order within seven (7) calendar days of the date of this Order.

### IV.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to Amend Plaintiff's Complaint (ECF No. 18) be DENIED **with prejudice** with respect to the following proposed amendments:

- Plaintiff's First and Fourth Causes of Action asserted against proposed defendant Aaron Ford for alleged violations of Title VII of the 1964 Civil Rights Act and Nevada Revised Statute Chapter 613 because there is no individual liability for violation of the statutory prohibitions found therein.
- Plaintiff's First and Fourth Causes of Action to the extent he seeks to allege race discrimination against the State of Nevada because Plaintiff did not administratively exhaust this claim.

---

[4]   In *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Georgia Power Co.*, 684 F.2d 721 (11th Cir. 1982), also cited by Defendant, the plaintiff filed its motion to amend after a motion for summary judgment was filed by the defendant. Clearly that is not the case here.

11

- Plaintiff's Fourth Cause of Action alleging any state law claims against the State of Nevada because the State is immune from such suit.

IT IS HEREBY RECOMMENDED that the following proposed claims be dismissed without prejudice with **one additional opportunity to amend**:

- Plaintiff's First Cause of Action alleging retaliation against the State of Nevada under Title VII of the 1964 Civil Rights Act. The State does not enjoy immunity from Title VII claims, Plaintiff did exhaust this claim, but Plaintiff's Proposed FAC fails to allege sufficient facts to state this claim.

- Plaintiff's Second and Third Causes of Action alleging 1983 and 1981 liability, respectively, against proposed individual defendants David O'Hara and Jane Doe based on their individual capacities. These individual defendants are not immune from suit if sued in their individual capacities, but Plaintiff's Proposed FAC fails to allege sufficient facts to state these claims.

Dated this 22nd day of September, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).