| | |
|---|---|
| BYFORD "PETER" WHITTINGHAM, an individual, | Case No. 2:20-cv-00811-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| THE STATE OF NEVADA, ex. Rel. NEVADA ATTORNEY GENERAL'S OFFICE, a subdivision of the State of Nevada; DAVID O'HARA, an individual; JANE DOE, an individual; DOES 1-50, inclusive, | |
| Defendants. | |

Pending before the Court is Defendant, State of Nevada, ex rel. Nevada Attorney General's Office's Motion to Strike Plaintiff's First Amended Complaint. ECF No. 41. The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 42), and Defendant's Reply (ECF No. 43).

**I.  Background**

On September 22, 2020, the undersigned Magistrate Judge issued a Report and Recommendation (the "R and R") in which the Court recommended certain of Plaintiff's claims be dismissed with prejudice. ECF No. 31. The R and R also gave Plaintiff one additional opportunity to replead his Title VII retaliation claim against the State of Nevada and his Sections 1981 and 1983 claims against proposed individual defendants David O'Hara and Jane Doe. *Id*. On December 7, 2020, the Honorable Gloria M. Navarro issued an Order accepting and adopting the R and R in full. ECF No. 38.

On November 12, 2020, before the Court issued its Order, Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 35. Defendant argues that Plaintiff's FAC must be struck because when the FAC is compared to the proposed amended complaint attached to Plaintiff's denied Motion for Leave to Amend Plaintiff's Complaint (ECF No. 18), the Court must conclude that Plaintiff failed

to comply with Local Rule 15-1.  This argument appears to be based on the fact that the proposed amended complaint was far shorter and included far fewer factual allegations than the FAC. Defendant further contends that, for this same reason, the FAC exceeds what the Court's December 7, 2020 Order allowed him to do.[1]

Defendant states that if Plaintiff's FAC is not struck in its entirety, the Court should strike allegations that are redundant, immaterial, impertinent or scandalous under Fed. R. Civ. P. 12(f). Through this argument Defendant seeks to strike various paragraphs throughout the FAC because they contain confidential information, pertain to claims that were dismissed with prejudice, violate the Federal Rules of Evidence and Local Rules pertaining to information learned through a dispute resolution process, and otherwise meet the striking requirements of Fed. R. Civ. P. 12(f).

Plaintiff argues that when the Court denied his Motion for Leave to Amend, the Court also granted one additional opportunity to file an amended complaint, which is exactly what Plaintiff did. ECF No. 42 at 4 *citing* Local Rule 15-1(b).  Plaintiff further argues that he added substantial facts to the FAC to ensure he sufficiently pleaded each of his claims. *Id.* at 6.  Plaintiff argues Defendant's dislike of some allegations is an insufficient basis to strike such allegations. *Id.*  Plaintiff states that he did not release any confidential information, the reference to a position Defendant took during the Early Neutral Evaluation ("ENE") process is offered as a denial of Defendant's position, reference to facts pertaining to dismissed claims are context for surviving race based claims, and that all other allegations are otherwise relevant and not outside the bounds of what the Court allowed. *Id*. at 7-10.

---

[1]    Because this argument implicates the wording of the Order, it is repeated here:

[T]he following proposed claims be dismissed without prejudice with **one additional opportunity to amend:**

Plaintiff's First Cause of Action alleging retaliation against the State of Nevada under Title VII of the 1964 Civil Rights Act. The State does not enjoy immunity from Title VII claims, Plaintiff did exhaust this claim, but Plaintiff's Proposed FAC fails to allege sufficient facts to state this claim.

Plaintiff's Second and Third Causes of Action alleging 1983 and 1981 liability, respectively, against proposed individual defendants David O'Hara and Jane Doe based on their individual capacities. These individual defendants are not immune from suit if sued in their individual capacities, but Plaintiff's Proposed FAC fails to allege sufficient facts to state these claims.

ECF No. 38 at 2-3.

1   **II.     Discussion**

2        A.      <u>Plaintiff Was Not Required To File A Motion For Leave To Amend Before Filing</u>
            <u>His FAC; And, Plaintiff's FAC Does Not Violate Local Rule 15-1</u>.
3

4        U.S. District Court for the District of Nevada Local Rule 15-1 states, in relevant part, that a

5   "proposed amended pleading must be complete in and of itself without reference to the superseded

6   pleading." Defendant argues that because the FAC is not substantially the same as the proposed amended

7   complaint, which was the subject of the Court's December 7, 2020 Order, Plaintiff did not comply with

8   LR 15-1 and the FAC must be struck. ECF No. 41 at 8 ("Plaintiff did not file a complete amended

9   complaint with his Motion to Amend as required by LR 15-1," but, instead, filed something "completely

10  different" thereby "effectively amend[ing] … the complaint without first seeking leave to amend").

11  However, the Court's December 2020 Order recognized that Plaintiff had already "file[d] … his Frist

12  Amended Complaint, (ECF No. 35)," and did so "with leave of Court …". ECF No. 38 at 3. The Court's

13  Order further confirmed that Plaintiff was given "**one additional opportunity to amend**" his retaliation

14  claim against the Nevada Attorney General under Title VII, and his Sections 1983 and 1981 claims

15  against proposed defendants David O'Hara and Jane Doe in their individual capacities. *Id*. at 2-3

16  (emphasis in original). Thus, Plaintiff was not required to file a motion for leave to amend before filing

17  his FAC, and the FAC was not filed in violation of LR 15-1. *Birks v. Fox*, Case No. 2:19-cv-0271-MCE-

18  EFB P, 2020 WL 1952675, at *1 (E.D. Cal. Apr. 23, 2020) (the "motion [to amend] is unnecessary as

19  the court already granted plaintiff leave to amend.").

20       B.      <u>Defendant's Argument That Plaintiff's FAC Goes Beyond The Court' Order Fails</u>.

21       Defendant complains that Plaintiff's FAC is now 26 pages, 16 pages longer than the proposed

22  amended complaint the Court did not allow Plaintiff to file, with substantially more factual

23  allegations than previously included in Plaintiff's proposed filing. ECF No. 41 at 8 and 12.

24  Defendant asks the Court to "strike additional allegations that were not included in the proposed

25  amended complaint" because it "exceed[s] the leave granted by this Court." *Id*. at 12. Defendant's

26  argument includes the averment that Plaintiff's general allegations are now "something more akin

27  to a 'statement of facts'" and that, for this reason, these "new allegations" should be struck. *Id*. at 8

28  and 12. However, Defendant offers no case law or other authority for its contention that factual

allegations cannot be added in support of claims a party is entitled to amend when a court's order does not place such a limitation on an amending party.

While, as discussed below, there are certain allegations the Court agrees should be struck, the Court could find no authority in support of striking the entire FAC based solely on Plaintiff's expanded factual pleading regarding his employment history, his application for employment with the State of Nevada or other new sections in his General Allegations. Plaintiff was permitted to amend his complaint to state three claims. ECF No. 38 at 2-3. Plaintiff's FAC includes only those three claims. ECF No. 35. The Court's December 2020 Order did not state or suggest there was other limitations on amendment. As such, Defendant's argument that Plaintiff's FAC violates the Court' Order fails.

C.     Certain Allegations In Plaintiff's FAC Are Properly Struck.

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded." *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). "An 'impertinent' allegation is neither necessary nor relevant to the issues involved in the action." *Id*.

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina*, 94 F. Supp. 3d at 1182 (citing *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). Moreover, even if the Court assumes, without deciding, that an allegation is immaterial or impertinent for purposes of a Rule 12(f) analysis, the Court may not "exercise its discretion under Rule 12(f) to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Cortina*, 94 F. Supp. 3d at 1182.

> 1.     *Certain allegations in Plaintiff's FAC violate NAC 284.718(1)(g) and were obtained at the parties' Early Neutral Evaluation Session.*

Defendant argues that Plaintiff violated the confidentiality provision of NAC 284.718(1)(g) because his FAC includes questions and responses appearing in the Personal History Statement ("PHS") and Pre-Investigative Questionnaire ("PIQ") he completed as part of his application for

employment with the State of Nevada's Office of Attorney General.  ECF No. 41 at 4-5, 9-10; FAC ¶¶ 38, 51-54.  NAC 284.718 states, in relevant part: "1.  The following types of information, which are maintained by the Division of Human Resource Management or the agency, are confidential: … (g) Reports by employers, appointing authorities or law enforcement officials concerning the hiring, promotion or background of applicants, eligible persons or employees … ."

Defendant is correct that in paragraph 95, and others, Plaintiff repeats statements, questions, and answers that appear in the PHS.  *Id*. ¶¶ 60, 95, 98-104, 126-127, and 164-167.  Plaintiff's FAC also includes questions and responses appearing in his PIQ.  *Id*. ¶¶ 105-106, 124, and 126.  Defendant further raises issues with respect to various police records discussed in Plaintiff's FAC that Defendant states are part of the background investigation done in preparation for Plaintiff's potential hiring, and which were not officially produced to Plaintiff because the parties were working on a stipulated protective order before doing so.  These documents were instead provided by Defendant as a courtesy to Plaintiff during the confidential ENE session at which the parties were attempting to resolve their dispute.  ECF No. 41 at 5, 10.  The allegations arising from police records with which Defendant takes issue appear in paragraphs 116-123, 128-130, 132, and 136-147 of the FAC.

Defendant cites to District of Nevada Local Rules 16-5 and 16-6(h) for purposes of establishing Plaintiff's impermissible use of information garnered from the ENE provided documents.  LR 16-5 states, in relevant part, that "[t]he court's ADR process is confidential [and] [c]onfidential dispute-resolution communications will not be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence."  LR 16-6(h) states that "[t]he early neutral evaluation process is subject to the confidentiality provision of LR 16-5."  Federal Rule of Evidence 408 states, in relevant part:

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: … (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

However, as explained by the Ninth Circuit, Rule 408 has its limits.

> Generally, compromise offers and negotiations are inadmissible to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction. Fed. R. Evid. 408. The demand letter and settlement agreement are clearly fall within Rule 408 and are therefore inadmissible to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction. Fed. R. Evid. 408(a). However, Rule 408 does not prohibit the use of settlement negotiations for the purposes other than liability or the amount of a claim. Fed. R. Evid. 408(b). The settlement documents are admissible under Fed. R. Evid. 408(b) to attack the credibility of plaintiff and for other related purposes. … The documents are also admissible to prove Defendant's affirmative defense of unclean hands … .

*Gunchick v. Federal Ins. Co.*, Case No. CV 14-1162 RSWL (PJWx), 2015 WL 1781467, at *2 (C.D. Cal. Apr. 20, 2015).

In this case, there appears to be no dispute that the confidential records on which Plaintiff relies to assert certain factual allegations in the FAC are ultimately discoverable. Based on Plaintiff's allegations, the Court finds that the information contained in those documents cannot be said to have no relationship to the controversy at bar. Moreover, the documents do not pertain to settlement negotiations or offers of compromise. And, while the allegations taken from the documents are offered to ultimately demonstrate liability, the issue for Defendant, given its disclosure to Plaintiff at the ENE, appears to be Plaintiff's failure to treat the documents and information contained therein as confidential, as well as what may seem like Plaintiff's disrespect for the confidential ENE process.

The Court agrees that the information contained in the paragraphs identified arise from or are directly taken from documents that are confidential under NRS 284.718(1)(g). However, as stated, the documents and the information contained therein is also discoverable, at a minimum, following the entry of a stipulated protective order. For this and other reasons stated above, the documents, while provided during the ENE, do not fall within the prohibitions found in Fed. R. Evid. 408. Thus, the Court will not strike the allegations at issue. Instead, the appropriate manner in which to manage the issues raised by Defendant is to require Plaintiff to withdraw the FAC currently filed so that it no longer appears on the public record. Plaintiff must then refile the FAC under seal in compliance with the Court's Order below. This eliminates the continued public disclosure of information Defendant seeks to keep confidential while not striking Plaintiff's allegations that the Court finds have some relationship to the controversy presented. At the same time Plaintiff files his unredacted FAC under seal, he must refile an identical FAC (in compliance with the Court's Order

below) in the public record redacting paragraphs 60, 95, 98-106, 116-124, 126-130, 132, 136-147, and 164-167.[2]  This allows Plaintiff's allegations to remain intact while Defendant obtains the confidentiality desired.

*2.      Allegations alleging Race Discrimination.*

Whether pleading a race discrimination under Title VII (a claim dismissed in this case) or race discrimination under 42 U.S.C. § 1981 (a claim that survives for purposes of Plaintiff's filing his FAC), a plaintiff must establish a prima facie case of discrimination by showing that (1) he is a member of a protected class; (2) he applied for a job for which he was qualified; (3) he was rejected; and (4) the position remained open and the employer sought other similarly-qualified employees. *Surrell v. California Water Service Co.*, 516 F.3d 1097, 1105-06 (9th Cir. 2008) (internal citations omitted).  *See also id*. at 1103 (when analyzing  § 1981 claims, courts apply "the same legal principles as those applicable in a Title VII disparate treatment case"; however, there is no exhaustion requirement applicable to § 1981) (internal citation omitted); *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1180 n. 11 (9th Cir.1998) ("Sections 1981 and 1983 prohibit discrimination based on race, ethnic background, ancestry, and/or national origin committed under color of law.").  Here, and despite the fact that Plaintiff asserts a surviving § 1981 race based claim against the proposed individual defendants, Defendant argues that references to race based animus must be struck from Plaintiff's FAC.  ECF No. 41 at 11.  Defendant points specifically to paragraph 175, 179, 206, 207, and 213 in the FAC.  The Court analyzes each of these paragraphs below.

The allegations in paragraphs 175 and 179 are specific to Plaintiff's racial animus allegations against proposed individual defendant O'Hara.  Therefore, these paragraphs are not properly struck as Plaintiff's § 1981 claim survives.  In contrast, paragraph 206 of the FAC references the Attorney General's motivation for withdrawing an employment offer to Plaintiff.   There is no race discrimination claim asserted against the Nevada Attorney General.  Therefore, the reference to race in paragraph 206 is properly struck as immaterial to the claims raised.  Likewise, paragraph 207 does not identify O'Hara or the yet unidentified Jane Doe defendant, but references Plaintiff's filing with

_____

[2]     Defendant argues that Plaintiff's allegations are redundant.  After reviewing Plaintiff's FAC, the Court cannot agree.  While there is some repetition of facts, this occurs mostly as Plaintiff pleads his causes of action following his pleading of facts.

the EEOC.  Because no EEOC charge need to be brought to commence a § 1981 claim, this allegation

is immaterial to the claims raised.  As such, paragraph 207 is properly struck from the Complaint.

Finally, paragraph 213, when read in conjunction with paragraph 214, references retaliation that is

alleged against the Nevada Attorney General, as well as race based animus as alleged against O'Hara

who is stated to be the individual who decided to withdraw the employment offer and the individual

against whom Plaintiff's § 1981 claim is asserted.  Thus, paragraph 213 is not properly struck.[3]

**III.     Conclusion and Order**

Based on the foregoing, the Court finds Plaintiff's FAC does not violate U.S. District Court

for the District of Nevada Local Rule 15-1; nor was the FAC filed in contravention of the Court's

December 7, 2020 Order.  Nevertheless, certain allegations appearing in Plaintiff's FAC are either

properly struck or redacted.

Accordingly, IT IS HEREBY ORDERED that Defendant, State of Nevada, ex rel. Nevada

Attorney General's Office Motion to Strike Plaintiff's First Amended Complaint (ECF No. 41) is

GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the First Amended Complaint is **not** struck.

IT IS FURTHER ORDERED that Plaintiff shall simultaneously or near simultaneously, and

no later than ten (10) days from the date of this Order:

1.      File a Motion to Withdraw his First Amended Complaint, ECF No. 35, as filed in

error;

2.      Prepare a revised First Amended Complaint that deletes paragraphs 206 and 207;

3.      File the revised First Amended Complaint, with no redactions, under seal; and,

4.      File the revised First Amended Complaint in the public record redacting paragraphs

60, 95, 98-106, 116-124, 126-130, 132, 136-147, and 164-167.

IT IS FURTHER ORDERED that Defendant, the Nevada Attorney General's Office, shall

notify Plaintiff within fourteen (14) days of the date of this Order whether the AG's Office will

---

[3]      Defendant seeks to strike paragraphs 33 and 34 from Plaintiff's FAC.  These paragraphs assert conclusory
allegations about Plaintiff's honesty and integrity.  While conclusions are not entitled to an assumption of truth when
reviewing a complaint challenged on a motion to dismiss (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), these allegations
are not unrelated to Plaintiff's overall contention that the basis for withdrawing an offer of employment was pretextual
and violated federal law.  Thus, the Court finds that these paragraphs are not properly struck from Plaintiff's FAC.

accept service of the revised First Amended Complaint on behalf of David O'Hara. If service is not accepted, Plaintiff shall have 90 days from the date of this Order to serve this individual defendant.

IT IS FURTHER ORDERED that any responsive pleading to Plaintiff's revised First Amended Complaint shall be due by Defendant, the Nevada Attorney General's Office, and, if service is accepted, by Defendant David O'Hara, thirty (30) days after the date of this Order. If service on David O'Hara is not accepted by the AG's office, the Nevada Attorney General's Office's responsive pleading shall be due thirty (30) days after the date of this Order. David O'Hara's responsive pleading will be measured from the date of service.

Dated this 12th day of May, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

9