AARON D. FORD
  Nevada Attorney General
MICHELLE DI SILVESTRO ALANIS (Bar No. 10024)
  Supervising Senior Deputy Attorney General
GERALD L. TAN (Bar No. 13596)
  Deputy Attorney General
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Telephone:  (702) 486-3268
Facsimile:  (702) 486-3773
E-Mail: malanis@ag.nv.gov
          gtan@ag.nv.gov

*Attorneys for Defendants Attorney General's Office
 and David O'Hara*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BYFORD "PETER" WHITTINGHAM, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA, ex. rel. NEVADA ATTORNEY GENERAL'S OFFICE, a Subdivision of the State of Nevada; DAVID O'HARA, an Individual, JANE DOE an Individual; DOES 1-50; inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-00811-GMN-EJY<br><br><br>**STIPULATED PROTECTIVE ORDER** |

Defendant, ATTORNEY GENERAL'S OFFICE by and through its attorneys, Aaron D. Ford, Attorney General for the State of Nevada, Michelle Di Silvestro Alanis, Supervising Senior Deputy Attorney General, and Gerald L. Tan, Deputy Attorney General, and Plaintiff, BYFORD "PETER" WHITTINGHAM, by and through his counsel of record, Jenny Foley, Esq. and Dana Sniegocki, Esq. of HKM Employment Attorneys, LLP, hereby stipulate to the following terms of this Stipulated Protective Order to protect the confidentiality of confidential information obtained by the parties in connection with this case:

1.     **Confidential Information.** Any party or non-party may designate as "CONFIDENTIAL" (by stamping the relevant page or otherwise set forth herein) any document or

response to discovery which that party or non-party considers in good faith to contain information including, but not limited to, trade secrets, proprietary data, marketing information, financial information, personnel information, and/or similar commercially sensitive information of the type contemplated by Rule 26(c) of the Federal Rules of Civil Procedure or Nevada law.  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. **Designating Material as Confidential.**  A party or non-party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" by so indicating in said response. Or a party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as confidential information.  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 9 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 11 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specific designation.

3. **Use of Confidential Information.**  All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. **Disclosure of Confidential Information.**  Except with the prior written consent of other parties, or upon the prior order of this Court obtained upon notice to opposing counsel, confidential information shall not be disclosed to any person other than:

    a. counsel for the respective parties to this litigation and co-counsel retained for this litigation, including partners and associates who assist them in this matter, Chief Deputy Attorneys General, Senior Deputy Attorneys General, Deputy Attorneys General, paralegals, clerical and secretarial staff employed by such counsel;

b.  individual parties, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

c.  non-party consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the confidential information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any confidential information;

d.  any authors or recipients of the confidential information;

e.  the Court (under seal), Court personnel, court reporters, and videographers;

f.  witnesses (other than persons described in paragraph 4(e)).  A witness shall sign the Certification before being shown a confidential document.  Confidential information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the confidential information is represented or has been given notice that confidential information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown confidential information shall not be allowed to retain copies.

g.  Members of the jury in this case;

h.  Professional vendors that provide litigation support services, employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

i.  Such other persons as Plaintiff and Defendant may agree upon in writing; and

j.  Such other persons as the Court may order upon application of Plaintiff or Defendant.

5.  **Notice of Stipulated Protective Order.**  Any persons receiving confidential information shall be advised that the confidential information is being disclosed pursuant to an Order of the Court and that they shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

/ / /

6. **Filing of Confidential Information.**  Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with Local Rule IA 10-5 and the court's electronic filing procedures in accordance with Nevada's Policy for Handling Filed, Lodged and Presumptively Confidential Documents. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *See Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

Further, pursuant to Local Rule IA 10-5(d), documents filed under seal in this case must be served in accordance with Local Rule IC 4-1(c).

7. **Use of Confidential Information in Pretrial Proceedings.**  In the event that any confidential information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status throughout such use.  The party using such confidential information shall take all reasonable steps to maintain its confidentiality during such use, including, without limitation, requesting that the Court seal any transcript with respect to such proceeding.

8. **Confidential Information Produced by Non-Parties.**  A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

9. **Challenges to Confidential Designation.**  If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.   The party or non-party who designated the material shall have thirty (30) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.   The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

10. **Information Not Confidential.**  Notwithstanding any challenge to the designation of

material as confidential information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a.    the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

    b.    the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c.    the Court rules the material is not confidential.

11.    **Order Survives Termination.**  All provisions of this Order restricting the communication or use of confidential information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of confidential information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed after the termination of this action.

12.    **Evidence at Trial.**  The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

13.    **No Waiver Regarding Confidential Information/Inadvertent Failure to Designate.** Nothing herein shall be deemed to waive any applicable privilege under federal or state law, or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work protection.

Inadvertent production of documents subject to work-product doctrine, attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of such inadvertent production, promptly notify the receiving party, in writing, of such inadvertent production.  In the event

of such an inadvertent production, if the receiving party disputes the privileged nature or required return of the material, the parties shall confer in good faith to resolve the dispute.  If the dispute cannot be resolved, the party seeking return of the alleged privileged material shall file an appropriate motion seeking their return with the Court.

The inadvertent failure of a Producing Party to designate discovery materials as Confidential Information shall not be deemed, by itself, to be a waiver of the party's or non-party's rights to so designate such discovery materials.  Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it.  However, disclosure by a Receiving Party of such discovery materials to any other person prior to the designation of discovery materials in accordance with this paragraph shall not violate the terms of this Stipulation and Order.

14.    **Application to Non-Parties.**  Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

15.    **Limits to Disclosure of Confidential Information.**  All reasonable efforts shall be made by counsel of record to limit disclosure of confidential information to the minimum number of persons necessary to conduct this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

16. **Securing Confidential Information.**  Persons receiving confidential information shall maintain all confidential material in a secure location.

DATED: July 23, 2021.                     DATED: July 23, 2021.

AARON D. FORD                            HKM Employment Attorneys. LLP
Attorney General

By:  _/s/ Michelle Di Silvestro Alanis_          By:  _/s/ Dana Sniegocki_
Michelle Di Silvestro Alanis (Bar. No. 10024)   Jenny L. Foley, Esq. (Bar No. 9017)
Supervising Senior Deputy Attorney General      Dana Sniegocki, Esq. (Bar No. 11715)
Gerald L. Tan (Bar No. 13596)                   1785 E. Sahara Ave. Ste. 300
Deputy Attorney General                         Las Vegas, NV 89104
(702) 486-3268                                  (702)-805-8340

*Attorneys for Defendants*                       *Attorneys for Plaintiff*
                                                 [Permission to sign electronically received in writing]

### ORDER

IT IS SO ORDERED.

DATED this  26th  day of   July   , 2021.

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**CERTIFICATION OF**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, hereby declare that I have received a copy of, read, and understand the Stipulated Protective Order entered in *Byford "Peter" Whittingham vs. Attorney General's Office, et. al* United States District Court for the District of Nevada, Case No. 2:20-cv-00811-GMN-EJY (Protective Order).   I hereby acknowledge that I have received confidential documents and information, as defined in the Protective Order, and, on pain of contempt of court, I hereby declare that I will not disclose or disseminate any part of the confidential documents and information to any third party without consent of an attorney of record in this case, I will use my best efforts to maintain the confidential nature of the documents and information, and I will return or destroy the confidential documents and information in accordance with the terms of the Protective Order.  I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, and the foregoing is true and correction.

DATED this _____ day of _____, \_\_\_\_.

_____
Signature

_____
Printed Name