AARON D. FORD
  Nevada Attorney General
MICHELLE DI SILVESTRO ALANIS (Bar No. 10024)
  Supervising Senior Deputy Attorney General
GERALD L. TAN (Bar No. 13596)
  Deputy Attorney General
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Telephone: (702) 486-3268
Facsimile: (702) 486-3773
E-Mail: malanis@ag.nv.gov
        gtan@ag.nv.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BYFORD "PETER" WHITTINGHAM, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA, ex. rel. NEVADA ATTORNEY GENERAL'S OFFICE, a Subdivision of the State of Nevada; DAVID O'HARA, an individual, JANE DOE an Individual; DOES 1-50, inclusive,<br><br>    Defendants. | CASE NO. 2:20-cv-00811-GMN-EFY<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER TO STAY DISCOVERY UNTIL A RULING ON DEFENDANTS' MOTION TO DISMISS REVISED FIRST AMENDED COMPLAINT**<br><br>(First Request) |

Defendant, NEVADA ATTORNEY GENERAL'S OFFICE, by and through their attorneys, AARON D. FORD, Attorney General for the State of Nevada, MICHELLE DI SILVESTRO ALANIS, Supervising Senior Deputy Attorney General, and GERALD L. TAN, Deputy Attorney General, and Plaintiff, BYFORD "PETER" WHITTINGHAM, by and through his attorneys, JENNY L. FOLEY, ESQ. and DANA SNIEGOCKI, ESQ. hereby stipulate pursuant to LR IA 6-1, LR IA 6-2 and LR 26-3, to stay all discovery in this matter pending the Court's ruling on Defendants' Motion to Dismiss Revised First Amended Complaint (ECF No. 54). This is the first request to stay discovery since the filing of Plaintiff's Revised First Amended Complaint.

/ / /

/ / /

A. **Discovery That Has Been Completed**

Both parties exchanged initial disclosures under Fed. R. Civ. P. 26(a). Plaintiff's initial disclosures were served on October 20, 2020; Plaintiff's First Supplemental Initial Disclosures were served on October 30, 2020. Defendant's initial disclosures were served on October 20, 2020. On July 26, 2021, a Stipulated Protective Order was entered.

B. **Discovery That Remains To Be Completed**

On June 7, 2021, Plaintiff served his First Set of Interrogatories and First Set of Requests for Production of Documents on the Attorney General's Office and O'Hara. The parties agreed to extend the time to respond to July 30, 2021. However, the parties have now agreed to a stay of discovery, so the written responses, if still applicable, will be extended until after the Court's ruling on the Motion to Dismiss.

Plaintiff may need to serve additional written discovery. Additionally, Plaintiff anticipates the need to take the depositions of at least four percipient witnesses as well as the individual defendants.

Defendants will need to serve written discovery requests, including but not limited to, requests for production, interrogatories, and requests for admission. Defendant also anticipates taking Plaintiff's deposition and possibly one to two other witnesses.

C. **Reasons Why Discovery Has Not Been Completed and Reason for Stay of Discovery**

Since the entry of the Discovery Plan and Scheduling Order (ECF No. 33), the parties agreed to stay discovery while they were awaiting a decision from the United States District Court Judge on the adoption of the Magistrate Judge's Report and Recommendations regarding Plaintiff's Motion for Leave to File a First Amended Complaint. Such stay was entered by the Court on November 30, 2020 (ECF No. 37). After entry of an order adopting the Magistrate Judge's Report and Recommendations (ECF No. 38), Defendant filed a Motion to Strike the First Amended Complaint (ECF No. 41). While the Motion to Strike was pending, a Stipulation and Order was entered extending the remaining discovery deadlines (ECF No. 45).

On May 12, 2021, the Court granted in part and denied in part the Motion to Strike and ordered Plaintiff to file a Revised First Amended Complaint with redactions. (ECF No. 46). Plaintiff filed his Revised First Amended Complaint (RFAC) (ECF No. 49) against Defendants, Nevada Attorney

General's Office, David O'Hara and Jane Doe. Service was accepted for David O'Hara (ECF No. 51).

On June 25, 2021, Defendants, Nevada Attorney General's Office and O'Hara filed a Motion to Dismiss First Revised Amended Complaint (ECF No. 54). The pending motion seeks to dismiss the RFAC in its entirety. Defendants argue that Plaintiff has failed to state a claim for Title VII retaliation against the Attorney General's Office. Defendants further argue that Plaintiff has failed to state a claim for § 1983 equal protection and § 1981 race discrimination against O'Hara and Jane Doe. Additionally, Defendants argue that O'Hara and Doe are entitled to qualified immunity and discretionary function immunity. Plaintiff has opposed the Motion to Dismiss and the arguments therein. However, the outcome of the motion will be determinative of the scope of discovery in this case.

"The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery'." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)). Thus, the parties do not want to engage in discovery while the motion remains pending.

**D. Proposed Schedule for Completing all Remaining Discovery**

The parties propose a stay of all remaining discovery deadlines in this matter pending the Court's ruling on Defendants' Motion to Dismiss Revised First Amended Complaint (ECF No. 54). The Court's ruling on the Motion to Dismiss may affect the claims and parties at issue in this litigation and could significantly alter the discovery in this case. Following the Court's ruling on the Motion to Dismiss, if applicable, the parties will meet and confer within seven (7) days of the Court's order and submit a new Discovery Plan and Scheduling Order within ten (10) days of conferring.

This is the parties' first request for a stay of discovery since the Revised First Amended Complaint was filed. Defendant's Motion to Dismiss the RFAC remains fully briefed and pending before the Court, and such motion is likely to determine the scope of discovery in this matter; thus, the parties believe a stay of discovery would prevent the unnecessary expenditure of time and resources.

/ / /

/ / /

/ / /

This request is made in good faith and not for purposes of delay.

DATED: July 28, 2021.                    DATED: July 28, 2021.

AARON D. FORD                            HKM Employment Attorneys. LLP
Attorney General

By:   */s/ Michelle Di Silvestro Alanis*     By:   */s/ Dana Sniegocki, Esq.*
Michelle Di Silvestro Alanis (Bar. No. 10024)   Jenny L. Foley, Esq. (Bar No. 9017)
Supervising Senior Deputy Attorney General      Dana Sniegocki, Esq. (Bar No. 11715)
Gerald L. Tan (Bar No. 13596)                   1785 E. Sahara Ave. Ste. 300
Deputy Attorney General                         Las Vegas, NV 89104
*Attorneys for Defendants*                      (702)-805-8340
                                                *Attorneys for Plaintiff*
                                                [Permission to sign electronically received in writing]

**ORDER**

IT IS SO ORDERED.

IT IS FURTHER ORDERED that if the order issued regarding the pending Motion to Dismiss does not dispose of the entire dispute, the parties **shall, within ten (10) days of such order**, submit a revised proposed discovery plan and scheduling order.

_____
UNITED STATES MAGISTRATE JUDGE

Dated:  July 28, 2021