UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BYFORD "PETER" WHITTINGHAM, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> THE STATE OF NEVADA, ex. rel. NEVADA ) <br> ATTORNEY GENERAL'S OFFICE; DAVID ) <br> O'HARA; JANE DOE; DOES 1-50, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:20-cv-00811-GMN-EJY <br><br> **ORDER** |

Pending before the Court is Defendants State of Nevada, ex. rel. Nevada Attorney General's Office ("AGO") and David O'Hara's ("Defendant O'Hara") (collectively, "Defendants'") Motion to Dismiss, (ECF No. 54). Plaintiff Byford "Peter" Whittingham ("Plaintiff") filed a Response, (ECF No. 55), to which Defendant filed a Reply, (ECF No. 56).

Further pending before the Court is Plaintiff's Motion for Hearing, (ECF No. 62). Defendants did not file a Response.

For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss and **DENIES as moot** Plaintiff's Motion for Hearing.[1]

I. **BACKGROUND**

This case arises from the AGO's alleged unlawful withdrawal of its conditional offer of employment to Plaintiff after the AGO learned the details of Plaintiff's pending action against his former employer, the Los Angeles Police Department ("LAPD"). The parties provide a

---

[1] Plaintiff seeks to set a hearing to obtain a status check regarding the Court's ruling on the instant Motion to Dismiss. (*See* Mot. Hearing 2:10–12). Because the Court rules on the referenced Motion herein, a hearing is unnecessary. Thus, the Court DENIES as moot Plaintiff's Motion for Hearing.

detailed review of the facts alleged in Plaintiff's Revised First Amended Complaint ("RFAC"), and the background information and procedural history of this case in their briefing for the instant Motion. (*See* Mot. Dismiss ("MTD") 2:4–8:25, ECF No. 54); (Resp. MTD 2:2–3:15, ECF No. 55). Relevant to the Court's analysis, however, Plaintiff's claims stem from his recruitment process with the AGO. The process began when Plaintiff met informally with Rod Swanson, the AGO's Chief of Investigations. Plaintiff informed Mr. Swanson that he had a pending legal matter with the LAPD, but despite this, Mr. Swanson encouraged Plaintiff to apply for a vacant Investigator position with the AGO. (Rev. First Am. Compl. ("RFAC") ¶¶ 42–43, 45). Plaintiff applied for the position and was interviewed by Mr. Swanson and Shaun Bowen, the Deputy Chief Investigator, where he informed them about his LAPD lawsuit. (*Id.* ¶¶ 46–48). Mr. Swanson made a conditional offer of employment, subject to the completion of a background investigation. (*Id.* ¶¶ 48–49). He then interviewed with Defendant O'Hara, where again, he disclosed that he had a pending legal matter against the LAPD but did not divulge the details of said lawsuit. (*Id.* ¶¶ 57–63). Thereafter, the AGO formally extended Plaintiff a conditional employment offer, which it later rescinded after allegedly learning about the details of Plaintiff's LAPD lawsuit. (*Id.* ¶¶ 79, 83–84, 88). Plaintiff filed the instant action on May 5, 2020, and amended his Complaint on May 18, 2021. (*See generally* Compl., ECF No. 1); (RFAC). On June 25, 2021, Defendants filed the instant Motion. (*See generally* MTD).

II.     **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Plaintiff alleges three causes of action: (1) retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), pursuant to 42 U.S.C. § 2000e-3, against the AGO; (2) violation of the Equal Protection Clause, pursuant to 42 U.S.C. § 1983, against Defendants O'Hara and Jane Doe; and (3) violation of the Civil Rights Act of 1871, pursuant to 42 U.S.C. § 1981, against Defendants O'Hara and Jane Doe. (RFAC ¶¶ 213–244, ECF No. 49). Defendants argue Plaintiff fails to state a claim and that qualified immunity and discretionary immunity shield Defendants O'Hara and Jane Doe from any liability.[2] (MTD 10:13–19:18). The Court will address Plaintiff's claims in turn.

#### a. Retaliation under Title VII

In their Motion, Defendants contend Plaintiff fails to sufficiently allege that his LAPD lawsuit caused the AGO to withdraw its conditional offer of employment. (*Id.* 11:10–15). They argue that it was his misstatements and/or omissions during his background investigation that led the AGO to rescind its offer. (*Id.*).

"[I]n the failure-to-hire context involving a claim of retaliation, the plaintiff meets her *prima facie* burden by showing that 1) she engaged in protected activities, 2) the position was eliminated as to her, and 3) the position was eliminated as to her because of the protected activities." *Ruggles v. California Polytechnic State Univ.*, 797 F.2d 782, 786 (9th Cir. 1986). If the plaintiff establishes a *prima facie* case, "the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the 'adverse employment decision.'" *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If the defendant

---

[2] As the Court dismisses Plaintiff's second and third claims on the merits, the Court need not discuss the issues of immunity.

offers a legitimate, non-retaliatory reason, the burden returns to the plaintiff to show the proffered reason is a pretext for retaliation. *See id.*

Here, Plaintiff sufficiently alleges retaliation under Title VII.  First, Plaintiff engaged in a protected activity of filing a race discrimination action against his former employer, the LAPD. 42 U.S.C. § 2000e–3(a) (prohibiting discrimination against an employee for "making charges, testifying, assisting, or participating in enforcement proceedings").  Second, the AGO eliminated the position as to Plaintiff when it rescinded its conditional employment offer. (*See* RFAC ¶ 88).  Third, Plaintiff sufficiently alleges the AGO rescinded its offer because of his LAPD discrimination lawsuit.  He claims that although he informed the AGO on numerous occasions about his LAPD lawsuit, he never disclosed the details of it. (RFAC ¶¶ 43, 48).  He alleges that it was not until Defendants learned of the details of the LAPD lawsuit that Mr. Swanson rescinded the offer. (*Id.* ¶¶ 215, 225); (*see id.* ¶¶ 44, 48, 114–115).  This is bolstered by the AGO's actions before and after Plaintiff's interview with Defendant O'Hara.  Prior to the interview, Mr. Swanson extended Plaintiff a conditional employment offer. (*Id.* ¶¶ 48–49). At the interview, Plaintiff informed Defendant O'Hara of his LAPD lawsuit, to which he told Plaintiff that the lawsuit should not be an issue. (*Id.* ¶ 63).  Defendant O'Hara then received the details of the LAPD lawsuit, which included "a 10-page letter to the Los Angeles Police Commission, in which Plaintiff expressed his strong personal opinion on how racial discrimination had affected the disciplinary system and minority employees in the LAPD." (*Id.* ¶¶ 79–81).  The AGO then rescinded its offer without explanation. (*Id.* ¶ 88).  Taken together, Plaintiff satisfies his *prima facie* burden of establishing his retaliation claim. *See Poland v. Chertoff*, 494 F.3d 1174, 1180 n. 2 (9th Cir. 2007) ("At the prima facie stage of a retaliation case, [t]he causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.") (internal quotation marks omitted).

Shifting burdens, Defendants argue Plaintiff did not suffer any adverse employment action because he disclosed his LAPD lawsuit. (MTD 11:23–26). They contend Mr. Swanson rescinded the conditional offer because Plaintiff failed to disclose a 1996 incident where the West Covina Police Department ("WCPD") intervened at Plaintiff's residence, in contravention to his answering "no" to background investigation questions of whether the police had ever been called to his home for any reason or if he had ever violated a child custody order. (*Id.* 11:27–12:14). This explanation, too, is plausible. The questionnaire Plaintiff completed stated that deliberate misstatements or omissions could and would result in rejecting an application. (RFAC ¶ 95). That Plaintiff did not disclose police being called to his home plausibly explains why Mr. Swanson may have rescinded the conditional offer. Defendants, thus, propose a plausible non-retaliatory reason for rescinding its conditional offer.

Returning the burden back to Plaintiff, he claims Defendants' proffered reason is pretextual, and the Court agrees. The language of questionnaire specifically states that *deliberate* misstatements or omissions could result in rejecting an application. (RFAC ¶ 95) (emphasis added). The Court sees no reason to conclude that Plaintiff *deliberately* omitted the WCPD incident. In fact, Plaintiff impliedly alleges that he was unaware that the WCPD intervened at his residence in 1996, which is supported by a report of the incident stating that police failed to obtain Plaintiff's statement because he was not home and could not be reached. (*Id.* ¶¶ 117–21). He also alleges that when he answered the background investigation questionnaires, he did not recall a 1992 incident where police officers accompanied Department of Child Services workers to his home in response to unfounded child abuse allegations. (*Id.* ¶¶ 165–68). As such, Plaintiff sufficiently alleges that Defendants' reason for rescinding the

///

///

///

conditional offer was pretextual. *See NL Indus., Inc.*, 792 F.2d at 898. Accordingly, the Court denies dismissing Plaintiff's first cause of action.[3]

### b. Racial Discrimination under the Equal Protection Clause

Defendant argues Plaintiff fails to allege a § 1983 equal protection claim against Defendants O'Hara and Jane Doe because engaging in a protected activity, such as filing a race discrimination action against a former employer, is not a protected class. (MTD 14:22–25). Plaintiff counters that Defendant O'Hara terminated Plaintiff's background investigation and offer of employment because of racial animus. (Resp. MTD 7:19–8:14).

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.1988).

Here, although Plaintiff contends Defendants O'Hara and Jane Doe discriminated against him because of his race, Plaintiff does not plead with any factual specificity how this is so.[4] (*See* RFAC ¶¶ 175, 231). No allegation leads the Court to infer Defendants O'Hara or Jane Doe were motivated by racial animus. In fact, Plaintiff's allegations support the opposite. For instance, after his interview with Defendant O'Hara, Plaintiff claims the two had a

---

[3] The Court also notes that although both parties' explanations may be plausible, Plaintiff's first claim still survives. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).") (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

[4] Further, Plaintiff does not identify any conduct Defendant Jane Doe engaged in. Other than asserting conclusory statements as to a potential Jane Doe's involvement in this action, Plaintiff utterly fails to state a claim upon which relief may be granted against Defendant Jane Doe. (*See* RFAC ¶ 13); *Tate v. Univ. Med. Ctr. of S. Nev.*, 637 F. Supp. 2d 892, 897 (D. Nev. 2009) ("Absent an official's participation or direction in the violation of a plaintiff's constitutional rights, he cannot be held personally liable in an individual-capacity suit under § 1983.")

lighthearted conversation, where Defendant O'Hara shared his experience completing a physical exam Plaintiff would need to complete and ended the conversation with wishing Plaintiff well and looking forward to meeting him in person. (*See* RFAC ¶¶ 75, 77).  Thus, Plaintiff fails to sufficiently plead that Defendants O'Hara or Jane Doe discriminated against him because of race.[5]  Accordingly, the Court grants dismissal of Plaintiff's second cause of action.

### c. Employment Discrimination under 42 U.S.C. § 1981

Defendants contend Plaintiff fails to state a claim because his own allegations contradict the notion that any of the Defendants racially discriminated against him. (MTD 15:17–16:5). Plaintiff argues he has established a *prima facie* case of employment discrimination because he is a member of a protected class, was well-qualified for the position, suffered an adverse employment action despite other similarly-situated individuals being treated differently. (Resp. MTD 8:28–9:14).

To establish a *prima facie* case of employment discrimination under 42 U.S.C. § 1981, a plaintiff must present evidence showing: (1) she is a member of a protected class; (2) she was qualified for the position or was performing her job in a satisfactory manner; (3) she suffered an adverse employment action; and (4) that similarly-situated individuals outside her protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *See, e.g.*, *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011); *Surrell v. California Water Service Co.*, 518 F.3d 1097, 1105–06 (9th Cir. 2008).  To prevail in a § 1981 case, "a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

---

[5] Plaintiff further fails to demonstrate how engaging in the protected activity of filing a race discrimination lawsuit against a former employer constitutes being a member of a protected class.  As such, this claim, too, fails.

Here, just as with his second cause of action, although Plaintiff contends Defendants O'Hara and Jane Doe discriminated against him because of his race, Plaintiff does not plead with any factual specificity how this is so.[6] (*See* RFAC ¶¶ 237–38, 240); (*supra*, Section III(b)).  Thus, Plaintiff fails to sufficiently plead that Defendants O'Hara or Jane Doe discriminated against him on the basis of race.[7] Accordingly, the Court grants dismissal of Plaintiff's third cause of action.

### d. Leave to Amend

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff was granted an opportunity to amend his second and third causes of actions in the past. (*See* Order Report & Recommendation 2:20–3:5, ECF No. 38); (Report & Recommendation ("R&R") 6:25–10:14, ECF No. 31).  In the Report & Recommendation, Magistrate Judge Elayna J. Youchah recommended dismissal because Plaintiff failed to plead specific, factual allegations supporting his second and third causes of action. (R&R 7:11–17,

---

[6] Again, just as above, Plaintiff does not identify any conduct Defendant Jane Doe engaged in.  Other than asserting conclusory statements as to a potential Jane Doe's involvement in this action, Plaintiff does not state a claim upon which relief may be granted against Defendant Jane Doe. (*See* RFAC ¶ 13); *Sharifi Takieh v. Banner Health*, 515 F. Supp. 3d 1026, 1048 (D. Ariz. 2021) ("A claim alleging individual liability under § 1981 must . . . 'be predicated on the actor's personal involvement' in the adverse decision.") (subsequent history omitted).

[7] As above, Plaintiff further fails to demonstrate how engaging in the protected activity of filing a race discrimination lawsuit against a former employer constitutes being a member of a protected class.  As such, this claim, too, fails.

10:7–11). Specifically, Magistrate Judge Youchah explained that Plaintiff did not set out specific allegations supporting the claim that Defendants O'Hara and Jane Doe discriminated against him based on racial animus. (R&R 7:11–18, 9:27–10:1). Despite that, Magistrate Judge Youchah recommended the Court grant Plaintiff an opportunity to amend these claims because she reasoned it was possible Plaintiff could cure these deficiencies. (*Id.* 8:21–25, 10:11–14).

The Court accepted and adopted the R&R and granted Plaintiff an additional opportunity to amend. (*See generally* Order R&R). However, Plaintiff has squandered his opportunity to include more specific, factual allegations to support his claims of discrimination under §§ 1981 and 1983. (*See supra*, Sections III(b) & (c)). Thus, because the Court previously explained the pleading deficiencies and Plaintiff was unable or unwilling to cure them, the Court dismisses his second and third causes of action without leave to amend. *See Barna v. Wells Fargo Bank, N.A.*, No. 2:12-cv-00496-GMN-GWF, 2013 WL 5592201, at *4 (D. Nev. Oct. 9, 2013) (dismissing an action without leave to amend because the plaintiff's first amended complaint did not cure the deficiencies contained in his original complaint); *Harper v. Cnty. of Alameda*, No. C 05-1354-MHP (PR), 2006 WL 1529979, at *1 (N.D. Cal. June 1, 2006) (denying leave to amend "because the court has already explained the deficiencies and plaintiff was unable to cure them").

///
///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 54), is **GRANTED in part and DENIED in part**, consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing, (ECF No. 62), is **DENIED as moot**.

**DATED** this __26__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court