UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BYFORD "PETER" WHITTINGHAM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, ex. Rel. NEVADA ATTORNEY GENERAL'S OFFICE, a subdivision of the State of Nevada; DAVID O'HARA, an individual; JANE DOE, an individual; DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00811-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Leave to File Defendant's Answer to Revised First Amended Complaint Under Seal (ECF No. 69). As the party seeking to seal a judicial record, Defendant must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 447 F.3d at 1178-1179 (citation omitted) (holding that those who seek to maintain the secrecy of documents attached to non-dispositive motions must demonstrate "good

1

cause" supporting secrecy); *see also Phillips ex. rel. Estates of Byrd v. General Motors Corp*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."). The Court must "'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).

Defendant explains that the Court previously ordered Plaintiff's Revised First Amended Complaint to be filed on the public docket redacting paragraphs 60, 95, 98-106, 116-124, 126-130, 132, 136 through 147, and 164 through 167. Defendant contends that "[i]n accordance with the confidentiality concerns acknowledged in this Court's Order at ECF No. 46, the Answer to the RFAC should also be filed under seal without redactions and filed in the public record with answers to the respective redacted paragraphs also redacted to maintain confidentiality." The Court agrees with Defendant and, therefore, finds good cause for the secrecy requested.

Accordingly, IT IS HEREBY ORDERED that the Motion for Leave to File Defendant's Answer to Revised First Amended Complaint Under Seal (ECF No. 69) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Answer to Revised First Amended Complaint (ECF No. 70), without redactions is and shall remain filed under seal.

IT IS FURTHER ORDERED that the redacted version of Defendant's Answer to Revised First Amended Complaint must be filed on the public docket no later than **March 22, 2023**.

Dated this 20th day of March, 2023.

                                                                    ELAYNA J. YOUCHAH
                                                                    UNITED STATES MAGISTRATE JUDGE